**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Gonzalo Barco-Gallo, ) | No. CIV 07-2375-PHX-FJM (GEE) |
| ) | |
| Petitioner, ) | **REPORT AND RECOMMENDATION** |
| ) | |
| vs. ) | |
| ) | |
| Katrina Kane, ICE, Department of) | |
| Homeland Security, ) | |
| ) | |
| Respondent. ) | |
| ) | |
| _____ ) | |

Pending before the court is a Petition for Writ of Habeas Corpus filed by Gonzalo Barco-Gallo on November 28, 2007, pursuant to Title 28, United States Code, Section 2241. The petitioner argues his current detention while in removal proceedings is contrary to law. The respondent filed an answer on March 13, 2008.

Pursuant to the Rules of Practice of this Court, this matter was referred to Magistrate Judge Edmonds for a Report and Recommendation.

The Magistrate Judge recommends that the District Court, after its independent review of the record, grant the petition. Barco-Gallo's current detention is not authorized by law.


Summary of the Case

Barco-Gallo is a native and citizen of Columbia who entered the United States as an immigrant on April 11, 1977. (Respondent's answer, p. 2.)

On March 27, 1987, Barco-Gallo was convicted of possession of a controlled substance, cocaine, in violation of Florida law. *Id.* Accordingly, the Immigration and Nationality Service issued Barco-Gallo an Order to Show Cause charging him with deportability. *Id.* The Immigration Judge (IJ) granted Barco-Gallo discretionary 212(c) relief on May 10, 1989. *Id.*

On January 14, 2004, Barco-Gallo was convicted of possession of cocaine, possession of drug paraphernalia, and possession of cannabis, in violation of Florida law. *Id.* On July 22, 2005, the Department of Homeland Security (DHS) issued Barco-Gallo a Notice to Appear charging him with removability because he was convicted of an aggravated felony (a drug trafficking crime) and a controlled substance offense other than a single offense involving personal possession of marijuana (INA §§ 237(a)(2)(A)(iii), 237(a)(2)(B)(i)). (Respondent's answer, pp. 2-3.) Barco-Gallo was taken into custody on September 22, 2005. *Id.*, p. 3.

The IJ sustained the allegation as to a controlled substance offense, and DHS withdrew the allegation as to the aggravated felony. (Respondent's answer, p. 3.) On March 9, 2006, Barco-Gallo filed an application for cancellation of removal. *Id.*

On May 12, 2006, the IJ denied Barco-Gallo's application for asylum and cancellation of removal and denied relief under the Convention Against Torture. (Respondent's answer, Exhibit 8.) The IJ nevertheless granted withholding of removal based on Barco-Gallo's claim that he would be persecuted if returned to Columbia. (Respondent's answer, p. 3.) Barco-Gallo and DHS reserved appeal. *Id.*

On October 20, 2006, the Board of Immigration Appeals (BIA) found Barco-Gallo was ineligible for asylum or cancellation of removal and did not qualify for withholding of removal. *Id.*, p. 4. The case was remanded to the IJ. *Id.*

On December 5, 2006, the IJ denied all relief and ordered Barco-Gallo removed to Columbia. *Id.* Barco-Gallo waived appeal. *Id.*

On December 11, 2006, Barco-Gallo filed a motion for stay of removal and a petition for review with the Ninth Circuit. *Id.* On May 11, 2007, the court of appeals granted a stay of removal. *Id.*

1   Barco-Gallo then filed a Notice of Appeal with the BIA appealing the IJ's decision.  *Id.*
2   On February 21, 2007, the BIA dismissed the appeal finding Barco-Gallo had knowingly and
3   intelligently waived his right to appeal.  *Id.*

4   On February 22, 2007, the government notified Barco-Gallo of his pending 90-day File
5   Custody Review.  *Id.*, pp. 4-5. On August 15, 2007, DHS notified Barco-Gallo of its decision
6   to continue his detention. *Id.*

7   On November 28, 2007, Barco-Gallo filed the instant petition for writ of habeas corpus.
8   He argues his continued detention is contrary to law.  (Petition.)

9

10   Discussion

11   Barco-Gallo is being held pursuant to 8 U.S.C. § 1226.  This statute governs the initial
12   apprehension and detention of aliens to determine whether they should be removed from the
13   United States.  Section 1226(c) requires the detention of certain classes of aliens, notably those
14   aliens who have been convicted of certain drug offenses.  *See* 8 U.S.C. § 1226(c)(1)(B).

15   Section 1226 governs the alien's detention until the start of the "removal period," which
16   is described in 8 U.S.C. § 1231.  This later statute governs the detention and eventual removal
17   of the alien.

18   The "removal period" ordinarily begins on "[t]he date the order of removal becomes
19   administratively final."  8 U.S.C. § 1231(a)(1)(B)(i).  If the alien files an appeal and the court
20   of appeals orders a stay of removal, the removal period begins on "the date of the court's final
21   order."  8 U.S.C. § 1231(a)(1)(B)(ii).

22   In this case, Barco-Gallo filed an appeal, and the court of appeals ordered a stay of
23   removal.  Accordingly, the removal period has not yet begun and section 1226 still applies.

24   Barco-Gallo argues his continued detention is not authorized by law citing *Tijani v.*
25   *Willis*, 430 F.3d 1241 (9th Cir. 2005).  He is correct.  The government is holding Barco-Gallo
26   pursuant to section 1226(c).  This section, however, only authorizes detention during an
27   "expedited" removal period.  *Tijani v. Willis*, 430 F.3d 1241, 1242 (9th Cir. 2005); *See also*
28   *Demore v. Kim*, 538 U.S. 510, 529 (2003) ("The Executive Office for Immigration Review has

1    calculated that, in 85% of the cases in which aliens are detained pursuant to § 1226(c), removal

2    proceedings are completed in an average time of 47 days and a median of 30 days.").  It does

3    not authorize extended periods of detention. *Tijani*, 430 F.3d at 1242 (Detention for two years

4    and eight months was not authorized by section 1226(c).).

5        Barco-Gallo was taken into custody on September 22, 2005.  (Respondents' answer, p.

6    3.)  He has been detained for approximately two years and seven months.  His continued

7    detention is not authorized by statute.  *See Tijani*, 430 F.3d at 1242.

8        The government argues *Tijani* should be distinguished because in that case,

9    administrative proceedings dragged on for almost two years whereas in this case, the

10    administrative proceedings were completed in 15 months.  The *Tijani* court, however, did not

11    qualify their decision based on the length of the administrative proceedings.  The court simply

12    said,

> [W]e interpret the authority conferred by § 1226(c) as applying to expedited removal of criminal aliens.  Two year and eight months of process is not expeditious; and the foreseeable process in this court, where the government's brief in Tijani's appeal of the removal was only filed last month after two extensions of time, is a year or more.

16 *Tijani*, 430 F.3d at 1242.  In this case, Barco-Gallo has had two years and seven months of

17 process, and there is no indication when the Ninth Circuit will decide his appeal.  His process

18 has not been expeditious.  Section 1226(c) no longer authorizes his detention.

19        The respondents further argue there is no evidence of bad faith or unreasonable delay on

20 the part of the government.  That may be so, but the *Tijani* court did not limit its holding to

21 those cases where the government's behavior unreasonably extended the petitioner's detention.

22 *Tijani*, 430 F.3d at 1242.  The *Tijani* court found that in some cases, extended detention could

23 violate the Constitution.  *Id.*  To avoid this possibility, the court held that the detention

24 authorized by section 1226(c) extended only to an expedited period.  *Id.*  Barco-Gallo's

25 proceedings can no longer be considered "expedited."  Accordingly, section 1226(c) does not

26 authorize Barco-Gallo's continued detention.

27

28

1    Recommendation

2    The Magistrate Judge recommends that the District Court, after its independent review

3    of the record, grant the Petition for Writ of Habeas Corpus filed on November 28, 2007, "unless

4    the government within 60 days [of the District Court's order] provides a hearing to [Barco-

5    Gallo] before an Immigration Judge with the power to grant him bail unless the government

6    establishes that he is a flight risk or will be a danger to the community." *Tijani*, 430 F.3d at

7    1242.

8    Pursuant to 28 U.S.C. §636(b), any party may serve and file written objections within

9    10 days of being served with a copy of this Report and Recommendation.  If objections are not

10   timely filed, the party's right to de novo review may be waived. *See United States v. Reyna-

11   Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc), *cert. denied*, 540 U.S. 900 (2003).

12   The Clerk is directed to send a copy of this Report and Recommendation to the petitioner

13   and the respondent.

14   DATED this 20th day of May, 2008.

15

16

17

18   _____

19                    Glenda E. Edmonds
                    United States Magistrate Judge

20

21

22

23

24

25

26

27

28