**WO**

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ARIZONA

Gonzalo Barco-Gallo,

Petitioner,

vs.

Katrina Kane,

Respondent.

No. CV-07-2375-PHX-FJM

**ORDER**

The court has before it petitioner's petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 (doc. 1), respondent's response (doc. 12), the report and recommendation of the United States magistrate judge (doc. 13), and respondent's objections (doc. 14). The magistrate judge recommends granting habeas relief, concluding that petitioner's continued detention pursuant to 8 U.S.C. § 1226(c) violates his constitutional rights. Following our *de novo* review, we "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). For the reasons set forth below, we reject the report and recommendation and deny the petition.

**I**

Petitioner is a native and citizen of Columbia who entered the United States as a lawful permanent resident on April 11, 1977. He was previously placed into deportation

proceedings in September 1988, following his conviction of possession of cocaine. On May 10, 1989, he was granted a waiver of inadmissibility. Then, on January 14, 2004, he was convicted of possession of cocaine, possession of drug paraphernalia, and possession of cannabis, for which he served approximately 40 days in jail. The Department of Homeland Security ("DHS") brought removal proceedings against him pursuant to 8 U.S.C. § 1227(a)(2)(A)(iii) (conviction of an aggravated felony), and 8 U.S.C. § 1227(a)(2)(B)(i) (conviction of a controlled substance offense). Petitioner was taken into custody on September 22, 2005. On March 9, 2006, the immigration judge ("IJ") sustained the charge of removability based on the controlled substance conviction and DHS withdrew the allegation as to the aggravated felony.

On May 12, 2006, the IJ denied petitioner's application for asylum and cancellation of removal, but granted his application for withholding of removal based on his claim that he would be persecuted if returned to Columbia. Response, Ex. 8. Petitioner appealed the IJ's decision denying his application for asylum, but did not appeal the IJ's conclusion that he was removable. Response, Ex. 10. On October 20, 2006, the Board of Immigration Appeals ("BIA") found petitioner ineligible for asylum, cancellation of removal, or withholding of removal, and remanded the case to the IJ. Response, Ex. 11. On December 5, 2006, the IJ denied all relief and ordered petitioner removed to Columbia. Response, Ex. 12. Petitioner's second appeal to the BIA was denied on February 21, 2007. Response, Ex. 17.

On December 11, 2006, petitioner filed a petition for review and a motion for stay of removal in the United States Court of Appeals for the Ninth Circuit, which immediately granted a temporary stay of removal. The court granted petitioner's motion to stay removal pending review on May 11, 2007, and denied the government's motion to dismiss. On November 28, 2007, petitioner filed the present petition for writ of habeas corpus, arguing that his continued detention pending removal is unconstitutional.

**II**

Petitioner is currently being held pursuant to 8 U.S.C. § 1226(c), which governs detention of deportable criminal aliens during removal proceedings. The statute broadly provides that the "Attorney General *shall* take into custody any alien who . . . is deportable by reason of having committed [certain controlled substance offenses]." Id. § 1226(c)(1)(B) (emphasis added). In Denmore v. Kim, 538 U.S. 510, 123 S. Ct. 1708 (2003), the Supreme Court held that the detention of a criminal alien pursuant to § 1226(c) during the "limited period of his removal proceedings" is constitutionally permissible. Id. at 531, 123 S. Ct. at 1721-22. The Court reasoned that such detention "serves the purpose of preventing deportable criminal aliens from fleeing prior to or during their removal proceedings, thus increasing the chance that, if ordered removed, the aliens will be successfully removed." Id. at 528, 123 S. Ct. at 1720. The Court relied on the assumption that the period of detention during the administrative process has a "definite termination point," lasting on average 47 days, or about five and a half months when the IJ's decision is appealed to the BIA. Id. at 529, 123 S. Ct. at 1720.

Subsequently, the Ninth Circuit narrowly construed § 1226(c) as requiring an "expedited removal of criminal aliens," and found that detention of over two years and eight months was not "expeditious." Tijani v. Willis, 430 F.3d 1241, 1242 (9th Cir. 2005). The court found significant that Tijani, unlike the alien in Denmore, had not conceded that he was removable. Id. "The only reason that Tijani is being detained is because the government *may* be able to prove he is subject to removal." Id. at 1243 (Tashima, J, concurring) (emphasis in original). Tijani continued to challenge whether his underlying convictions triggered the mandatory detention requirement of § 1226(c). Id.

The present case is distinguishable from Tijani because petitioner has effectively conceded that he is deportable. Petitioner did not appeal the IJ's conclusion that he was removable because of his controlled substance conviction. By failing to contest his removability before the BIA, petitioner has foreclosed review of those findings. See 8 U.S.C.

§ 1252(d)(1) ("A court may review a final order of removal only if . . . the alien has exhausted all administrative remedies. . . .").

Moreover, the present case is distinguishable from Tijani because petitioner's administrative proceedings were expeditious. His detention during the administrative process lasted approximately 15 months, during which time he applied for asylum and withholding of removal, and pursued two appeals to the BIA. There is no suggestion that the government caused any unreasonable delay during this process.

To date, petitioner's detention during the judicial review process has lasted 19 months. The record reflects that during this time he has sought and obtained three extensions of time to file his opening brief, resulting in a five-month delay. The Ninth Circuit docket indicates that on May 15, 2008, the court granted respondent's unopposed motion to remand the case to the BIA, continuing the stay of removal.

Petitioner's ongoing challenges during the administrative process and his multiple requests for extensions of time, and concession of remand, have contributed significantly to the length of his detention. While an alien is entitled to file appeals and seek any form of available relief, we must consider the alien's role in causing delay. Ly v. Hansen, 351 F.3d 263, 272 (6th Cir. 2003). Otherwise, aliens would be encouraged "to raise frivolous objections and string out the proceedings in the hopes that a federal court will find the delay 'unreasonable' and order their release." Id.; see also Mboussi-Ona v. Crawford, CV-06-2897, 2007 WL 3026946, *5 (D. Ariz. Sept. 27, 2007) ("If the Tijani gloss applies in this manner, then every judicial appeal will exceed this 'expedited' standard. This would mean that by merely seeking judicial review, every alien found removable would be entitled to an individualized bond hearing and possible release.").

We do not suggest that petitioner's ongoing challenges to the removal order and requests for extension of time can only be explained as dilatory tactics. Nevertheless, petitioner's role in prolonging the detention period is relevant in determining whether his detention has been unreasonably long. The Supreme Court rejected the argument that "the length of detention required to appeal may deter aliens from exercising their right to do so."

Denmore, 538 U.S. at 531 n.14, 123 S. Ct. at 1721 n.14. The Court reasoned that "the legal system . . . is replete with situations requiring the making of difficult judgments as to which course to follow, and even in the criminal context, there is no constitutional prohibition against requiring parties to make such choices." Id. (quotation and citation omitted). There is no suggestion that following a final order of removal, petitioner's removal to Columbia could not be promptly effectuated. But for petitioner's decision to obtain a stay of his removal, in all likelihood he would be out of detention and home in Columbia.

Given the totality of the circumstances, we conclude that petitioner's detention has not been unreasonably long so as to constitute a statutory or constitutional violation entitling him to release. Accordingly, we reject the report and recommendation of the magistrate judge pursuant to 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).

**IT IS ORDERED DENYING** the petition for writ of habeas corpus (doc. 1).

DATED this 24th day of July, 2008.

Frederick J. Martone
Frederick J. Martone
United States District Judge